IN RE: Barry M. GOULD, Debtor.

Barry M. Gould, Appellant,

v.

Red Hill Enterprises, Appellee.

No. 14-60059

United States Court of Appeals,
Ninth Circuit.

Submitted September 26, 2017 *

FILED OCTOBER 4, 2017

Barry M. Gould, Australia, pro se.

James Charles Bastian, Jr., Special Counsel, Melissa Lowe, Shulman Hodges & Bastian LLP, Irvine, CA, for Appellee.

Before: SILVERMAN, TALLMAN, and N.R. SMITH, Circuit Judges.

MEMORANDUM **

Chapter 7 debtor Barry M. Gould appeals pro se from the judgment of the Bankruptcy Appellate Panel ("BAP") affirming the bankruptcy court's grant of summary judgment excepting from discharge Gould's debt to Red Hill Enterprises ("Red Hill"). We have jurisdiction under 28 U.S.C. § 158(d). We review de novo BAP decisions, and apply the same standard of review that the BAP applied to the bankruptcy court's ruling. *Boyajian v. New Falls Corp. (In re Boyajian)*, 564 F.3d 1088, 1090 (9th Cir. 2009). We affirm.

Summary judgment was proper because the jury's findings in the state court action satisfied the elements for "willful and malicious injury" under 11 U.S.C. § 523(a)(6), and California law precludes relitigation of issues decided in a prior proceeding. *See Diamond v. Kolcum (In re Diamond)*, 285 F.3d 822, 826 (9th Cir. 2002) ("In determining whether a party should be estopped from relitigating an issue decided in a prior state court action, the bankruptcy court must look to that state's law of collateral estoppel."); *Lucido v. Superior Court*, 51 Cal.3d 335, 272 Cal.Rptr. 767, 795 P.2d 1223, 1225 (1990) (setting forth elements of issue preclusion under California law); *see also Ormsby v. First Am. Title Co. of Nev. (In re Ormsby)*, 591 F.3d 1199, 1206-07 (9th Cir. 2010) (setting forth requirements for non-dischargeability under § 523(a)(6)).

Because Gould's debt to Red Hill is non-dischargeable under 11 U.S.C. § 523(a)(6), we need not reach whether the debt is non-dischargeable under 11 U.S.C. § 523(a)(2)(A).

**AFFIRMED.**

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).